IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **FRANCES DONALDSON,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:10-cv-38 |
| **BERT HESTAND, PHIL STEPHENS, and RICHARD CRAIGHEAD, acting under color of state law and in their official capacity as members of the Clay County Election Commission, and individually** | ) Judge Thomas A. Wiseman, Jr. |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 19) filed by defendants Bert Hestand, Phil Stephens, and Richard Craighead. The motion seeks dismissal of the claims asserted against the Defendants pursuant to Rule 12 of the Federal Rules of Civil Procedure on a variety of grounds, some meritorious and some not.

As an initial matter, Plaintiffs concede that the Amended Complaint does not state a claim based on any violations of state law, so the motions to dismiss are hereby **GRANTED in part** insofar as they seek dismissal of any state law claims.

More importantly, for the reasons explained in the Memorandum Opinion filed in the companion case of *Peterson v. Dean*, ruling on virtually identical motions to dismiss filed in that case, *Peterson v. Dean*, No. 3:09-cv-628, 2010 WL 5184794 (M.D. Tenn. Dec. 14, 2010), incorporated herein by reference, the Court finds that Defendants are state officials and that the claim for monetary damages asserted against them in their official capacity is subject to dismissal because Defendants, in their official capacity as state actors, are not subject to liability for monetary damages under 42 U.S.C. § 1983. In addition, the claims against Defendants in their individual capacity for monetary damages are subject to dismissal because Defendants in their individual capacity are shielded by qualified immunity from liability for monetary damages: Even assuming the allegations in the complaint to be true, Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have

known, in light of the fact that the question of whether county administrators of elections are protected from patronage dismissal remains an unsettled question of law.[1] The motion to dismiss (Doc. No. 19) is therefore **GRANTED in part** insofar as it seeks dismissal of Plaintiff's claims for monetary damages against Defendants in both their representative and individual capacities. In all other respects, Defendants' motion is **DENIED**. The Plaintiff's claims against Defendants in their individual and official capacity for prospective injunctive and declaratory relief will therefore remain pending.

This matter is referred back to the Magistrate Judge for further case management as necessary.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge

---

[1] Plaintiff points out that Defendants testified in their depositions that they were aware that the dismissal of a County Administrator of Elections on purely political grounds was or might be illegal, based on Tennessee Attorney General Opinion No. 09-52, 2009 WL 983587 (April 8, 2009), and an "election law book." (*See* Pl.s' Mem. Opp. Mot. Summ. J., Doc. No. 25, at 3–4.) The Court has previously noted, however, that Attorney General Opinion No. 09-52 simply concluded that the issue of whether the position of county election administrator was one to which political affiliation lacked a valid relation posed factual questions to be determined on a case-by-case basis. Moreover, the Attorney General Opinion is not binding on this Court. Thus, regardless of Defendants' knowledge of the referenced sources, it remains true, as discussed in the *Peterson* opinion, that the question of whether county administrators of elections are protected from patronage dismissal remains an unsettled question of law.